FINDLAY (CITY), ETC. V. W. S. PARKER ET AL., TRUSTEES, ETC.

1. INCIDENTAL POWERS OF GAS TRUSTEES IN MANAGEMENT OF GAS WORKS OWNED BY THE CITY.

Where a city has been authorized by law to purchase and construct a gas plant, to the end that the inhabitants might be provided with light and fuel, the things necessary to accomplish in a safe and reasonable manner the object for which the plant had been acquired, and to preserve the property so constructed from destruction and impairment to a degree not amounting to an extension or rebuilding in whole or in part, are incidental to and go with, and continue with the power to construct and acquire and own as a current necessity.

2. POWER OF TRUSTEES TO EMPLOY SUCH SERVICE AS IS NECESSARY TO CARRY ON THE BUSINESS OF THE PLANT.

The trustees of gas works owned by the city have authority to employ such service as is necessary to carry on the business of the plant, and to preserve it and make its operation safe to life and property; all this lies within the radius of the use and purpose of the plant, and appears to be in contemplation of the law which empowers its construction as incident to its establishment and control.

3. PAYMENT OF CURRENT EXPENSE INCURRED IN OPERATING SUCH PLANT.

The current expenses incurred in operating a gas plant owned by the city, are to be paid out of the income, and it is not necessary that each item of such expenses should be anticipated by a certificate of the city clerk, as is provided for in sec. 2702, Rev. Stat., in order to authorize and make lawful the payment of such expenses.

4. A MEMBER OF THE BOARD OF GAS TRUSTEES CANNOT DEAL WITH THE BOARD.

When a municipality is allowed to embark in a business enterprise such as operating a gas plant to furnish its inhabitants with light and fuel, and to carry on the business of buying and selling gas, those who conduct the business and control it, may not directly or indirectly, both buy for it and sell to it, either materials or labor.

5. A RETIRED OFFICER CANNOT BE EMPLOYED BY SUCH BOARD WITHIN ONE YEAR AFTER EXPIRATION OF HIS TERM OF OFFICE.

    An officer of a municipal corporation who has retired from the office to which he has been selected or appointed, may not be interested either directly or indirectly in any work or service for said corporation until the expiration of one year after his retirement from office, as provided for in sec. 6976, Rev. Stat. He may not direct or control its future policies while in office, and then upon retirement stand ready to acquire as an individual the harvest which he has hoarded as a public officer.

6. TRUSTEES OF THE GAS WORKS ARE PUBLIC OFFICERS.

    The trustees of the gas works of a city are public officers, and the nature of their duties make them officers of the corporation, and as such are subjected to the provisions of secs. 1545-97 and 6976, Rev. Stat.

APPEAL from the Court of Common Pleas of Hancock county.

NORRIS, J.

    M. G. Foster, as the city solicitor, on behalf of the city of Findlay, Ohio, brings this action by authority granted in sec. 1777, Rev. Stat. His petition offers for cause of action, that the city of Findlay owns a natural gas plant which supplies the city and inhabitants with natural gas for light and fuel. That the defendants, Parker, Cook, Funk, Baker and Welsh, are the trustees of the gas works of the city of Findlay, and constituting such board of trustees are in management and control of said gas plant. The salary of these trustees is fixed by the city council of the city of Findlay at $200 per year each, which is the only compensation by law allowed them. That the council by resolution authorized said trustees to appoint and employ one of their number to go over the territory embraced in the gas leases of said city to look after said territory and the leases and rental payable under them, and to renew expiring leases and take new ones, and to perform other services about the operation of said gas plant. That the gas trustees acted upon this resolution of the council and fixed the compensation for the services thus to be performed at $2.00 per day. And on the twelfth of April, 1898, made a contract with the defendant, J. H. Cook, one of said trustees, and appointed him to do and perform these services and receive this compensation, and all this in addition to his duties and salary as such trustee. And that, to carry out and make complete this appointment and contract, said trustees intend to and will apply the funds of said city held by them as such trustees in payment and allowance of this salary and compensation unless restrained by the injunction of this court. And that the appointment of said Cook to do these things and the contract to pay him for the services in such employment is a misapplication of the funds of said city, and is in excess of and is an abuse of their powers as such trustees, and is all without legal authority. As another, and a further complaint, plaintiff says that the trustees, without authority from the council and against the law, passed a resolution which purports to create the office of general manager of the gas plant, and determines and fixes the salary of such general manager at $1,500 per year, and under this self-created authority made the defendant, W. H. Gross, such general manager, and gave to him the direction and supervision and control of the operation of said plant, and made in this behalf with Gross a contract to that effect, agreeing thereby to pay him this salary, and that said contract is now being carried out by the trustees, and that the funds of said city now in the hands of said trustees are being and will be diverted to pay this salary. That this is all being done without legal

authority, and is, and will be, a misapplication of the funds of said city, to prevent which it is necessary that this court interpose its injunction.

The fact which colors this act of the trustees with violation of corporate powers and breach of the law, is that Gross at the time of said contract and appointment had but just retired from said board of trustees as a member thereof, and that such employment and contract will cover the period of one year next immediately after he became such retiring member. That both of these contracts contemplated the misapplication of the city funds, to Cook as a serving trustee, and to Gross as an ex-trustee within one year after his term of service had expired. That no certificate of the clerk of said city was made as required by law, that the money to meet the expense incurred by these contracts, or either of them, was in the city treasury to the credit of any fund and not unappropriated, out of which payment could be drawn .

And plaintiff seeks to enjoin defendants from performing these respective contracts on their part or on the part of either of them, and from applying the funds of said city as contemplated by the terms of the contracts to the payment of these agents or either of them.

The defendants, the trustees of the gas works, filed a separate answer which, in substance, presents the necessity of the service contemplated by these contracts and the entire competency and integrity of the defendants, Cook and Gross, who are thus employed, and makes it appear clearly that the performance of the services by men who are experienced in that regard is for the safety of the life and property of the citizens and the preservation of the gas plant itself, and asserts that all these acts of the council and the trustees are evidence of due care and judicious management, and are cognizant with the authority of said trustees and the laws and ordinances under which they act.

The answer denies that execution of these contracts will be misapplication of the funds of the city, and admits that Cook is a member of the board of trustees, and that Gross did but only just retire from the board when he was thus appointed, and that his service under such appointment will cover the year next immediately after his retirement from the board of trustees.

The defendants, Cook and Gross, file separate answers adopting the allegations and averments of the answer of the trustees. The case comes into this court on appeal, and the evidence reveals the facts to be as I have recited them in the statement of the case, that is to say, stripped of verbiage.

The city of Findly owns a natural gas plant which was and is operated for the purpose legitimate to that branch of municipal economy all in control of the trustees of the gas works of said city. This board of trustees is constituted by legal authority and governed by the laws which prescribe and limit its duties and powers.

· The condition existed and exists which made necessary a man to look after the interests of the city in its gas territory and leases, and to engage in other kindred employment. The trustees by authority of the city council chose one of their number to perform these services, together with his duties as such trustee, and to receive the emoluments of the position in addition to his salary as trustee. He is competent in all respects, and his pay is not exorbitant for the services required. The exigency is present that makes it necessary, in order to preserve the plant and to make more safe the property and lives of the people of the city, that a general manager of the plant with all that the word implies,

be selected and clothed with power to perform the duties demanded by that position, and for this office, the trustees, by authority in them considered to be vested, selected a man and clothed him with power to act, and fixed his salary and term of service.

The man selected has but just retired from the board of gas trustees to which he had been legally chosen; he had retired by reason of the expiration of his term of office, and the period of his employment as general manager covered the year immediately next after the end of his service as a member of the trustees of the gas works of said city. He is exceedingly competent to discharge the duties of his new position, and the salary determined by his contract of employment is not exorbitant.

When these two contracts were made, no certificate had been filed by the city clerk that money requisite to meet the expense to be incurred under either of the contracts stood unappropriated to the credit of the proper fund in the treasury of said city.

It is claimed by the plaintiff that for this reason the trustees of the gas works had no authority to make the contract; and further, that as defendant Cook, was, and still is, a full fledged and acting member of said board of trustees, he was, and is ineligible to the employment required by the contract; and that Gross, being so recently a trustee, is not a person whom the board had authority to select as genera manager; and that the action of the board of trustees is hence illegal in both instances, and without authority. These assertions of the p aintiff are controverted by the defendants, who claim that resting upon hese facts, the acts of the board are in all respects in conformity to law, and within the scope of its authority. So that the only question is, did the board have the legal power to hire and pay Cook as he is hired and is paid, and to appoint and hire and pay Gross as general manager; the first being a member of the board, and the second just having retired at the end of his term.

Section 6976 Rev. Stat., provides:

"That an officer of any municipal corporation who is interested directly or indirectly in the profits of any contract, job, work or service for the corporation, or acts as commissioner, architect, superintendent or engineer in any work undertaken or prosecuted by the corporation during the term for which he was elected or appointed, or for one year thereafter, shall be fined not more than one thousand dollars, nor less than five hundred dollars, or imprisoned not more than six months nor less than thirty days, or both, and shall forfeit his office."

Section 1545–97, Rev. Stat., provides:

"That no contract for work to be done for or material to be supplied to the city or any department thereof shall be made with any councilman, officer or employee of the city, or with any firm, partnership, corporation or association of which such councilman, officer or employee is a member or stockholder, or by which he is employed in any capacity; and if, during the term for which he shall have been elected or appointed, he knowingly acquires an interest in any such contract, he shall forfeit his office."

There can be no doubt of the authority of the trustees of a gas works to employ such service as is necessary to carry on the business of the plant, and to preserve it and make its operation safe to life and property; all this lies within the radius of the use and purpose of the plant, and appears to be in contemplation of the law which empowers its con-

struction, as incident to its establishment and control. When the law authorized the purchase and construction by the city of the gas plant, to the end that the inhabitants might be provided with light and fuel, the things necessary to accomplish in a safe and reasonable manner, the object for which the plant had been acquired, and to preserve the property so constructed from destruction and impairment to a degree not amounting to an extension or rebuilding in whole or in part, are incidental to and go with, and continue with the power to construct and acquire and own as a current necessity. The expenses thus incurred are but the current expenses of operating, and to require certificates of the clerk as a condition to authorize these current expenses, and to anticipate each item thereof, would render it almost impossible to operate an institution of the character at bar. So we do not think that the certificate of the clerk is necessary to make lawful an outlay of the kind arising under defendants' employment.

Now, while this is true, the legislature had in view the necessity of hedging in and making safe from probable and apparent dangers in every way possible, the treasury of a municipality. In the problem of municipal government which always confronts the law-making power, a looted treasury is in no wise in the back ground, and to prevent this the legislature has not and does not hesitate to resort to any devise, coupling an infringment of the laws in that regard with fine and imprisonment and forfeiture of office, and hence the enactment of the sections from which I have just quoted. When a municipality is allowed to embark in a business enterprise such as operating a plant to furnish its inhabitants with light and fuel, and to carry on the business of buying and selling gas where of necessity the conduct and management and control of the business is in the hands of those who are not personally interested in the assets of the business, who take no part in its savings, who pay no part of its liabilities; who are strangers to its profits, and not directly affected by its expense, the necessity of every safeguard is most apparent. Those who conduct the business and control it, may not directly or indirectly both buy for it and sell to it either material or labor, and this however honest and competent may be the one who thus serves it. And an officer of a municipal corporation who has retired from the office to which he has been selected or appointed, may not be interested either directly or indirectly in any work or service for said corporation until the expiration of one year after his retirement from office. He may not direct or control its future policies while in office, and then upon retirement stand ready to acquire as an individual the harvest which he has hoarded as a public officer, and this however honest he may be, and however competent.

These trustees of the gas works are public officers; they are elected by the people, they qualify, they take the oath of office an give an official bond, and are entitled to the emoluments of the office, and without any of this, the nature of their duties make them officers of the corporation, and make more applicable to them than to any other officers of the municipality, these sections of the statute which look to the honest administration of every department of municipal government. And whatever authority the trustees of the gas works had to employ men to perform the services required of these defendants by the contracts here sought to be enjoined, these defendants, the trustees were not allowed to employ. The finding of the court is for the plaintiff, the city of Findlay,

and against the defendants. An injunction is granted as prayed for in the petition ; the costs are adjudged against the defendants, and the case is remanded for execution.

    *G. M. Foster, George H. Phelps, Pendleton & Whitely*, for plaintiff.
    *Ross & Kinder*, and *W. F. Duncan*, for defendants.